UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AARON CHENEVERT            *   CIVIL ACTION NO. 25-1057
                                      *
VERSUS                       *   SECTION: "O"(1)
                                      *
STOLTHAVEN NEW ORLEANS LLC  *   JUDGE BRANDON S. LONG
AND STOLT-NIELSEN USA INC.     *
                                      *   MAGISTRATE JUDGE
                                      *   JANIS VAN MEERVELD
**********************************   *

<u>ORDER AND REASONS</u>

Before the Court is the defendants' Motion for Protective Order to stay discovery (Rec. Doc. 27) pending resolution of their Motion for Summary Judgment (Rec. Doc. 26), in which they argue that they are immune from suit as statutory employers under Louisiana's workers compensation scheme. Defendants have established good cause to stay any discovery that does not bear on this threshold Motion for Summary Judgment, but as to the limited issues raised by that Motion, discovery will remain open. Importantly, because plaintiff has not stated a claim for an intentional tort, discovery into defendants' intent or "substantial certainty" will not be allowed. Accordingly, the Motion for Protective Order (Rec. Doc. 27) is GRANTED; discovery not relevant to the issues raised by the Motion for Summary Judgment shall be stayed pending resolution of that motion. Discovery relevant to the Motion for Summary Judgment shall be allowed to proceed on the schedule provided for herein.

<u>Background</u>

Plaintiff Aaron Chenevert sustained injuries on February 24, 2025, while working at the Stolthaven New Orleans LLC terminal, owned, operated, and/or controlled by defendants Stolthaven and Stolt-Nielson USA Inc. Chenevert alleges that he was performing his work at the direction of the defendants when he slipped into a drain containing boiling hot fluid and sustained

1

severe injuries, including second and third-degree burns. Chenevert filed this lawsuit against Stolhaven and Stolt-Nielsen asserting claims for negligence and premises liability.

Defendants removed to this Court on May 28, 2025. The Court issued a scheduling order in August setting trial for June 16, 2026. The discovery deadline is April 1, 2026.

On October 10, 2025, defendants filed their Motion for Summary Judgment arguing that they are Chenevert's statutory employers and entitled to immunity under the Louisiana Workers Compensation Act ("LWCA"). They base their argument on a Services Agreement (MSA) between Stolthaven and PSC Group LLC (the company that directly employed Chenevert) pursuant to which Stolthaven and PSC agreed that Stolthaven was "the statutory employer of PSC employees" in accordance with LWCA. See Rec. Doc. 26-4, at 5. Defendants submit that this agreement establishes a presumption in favor of finding Stolthaven the statutory employer, rebuttable only if Chenevert can show that his work was not integral to Stolthaven's core business operations. Defendants argue that Chenevert cannot rebut the presumption because his work removing a blockage from one of the sump pumps associated with the rail yard's drainage system was necessary to ensure the proper functioning of the train system, which was necessary for the continued operation of the rail yard. Defendants also argue that Stolt-Nielsen is immune from liability because it is merely the sole member of the Stolthaven limited liability company.

Simultaneously with their Motion for Summary Judgment, defendants moved for a protective order staying discovery pending the resolution of their Motion. They submit that their statutory employer defense is an issue of law to be decided on a narrow set of facts. They argue that the relevant evidence for the Court's determination has been provided to the Court and that the broad discovery requests served by Chenevert in August (128 requests for production of documents and numerous interrogatories and requests for admission) are unnecessary. They insist

that requiring them to compile, review, and reproduce documents pertaining to the underlying tort issues are a needless and unjustified waste of resources. Further, they argue that discovery as to Stolt-Nielsen should be stayed because Chenevert has not alleged any substantive allegations as to the parent entity or claims that would pierce the corporate veil or create an independent basis for Stolt-Nielsen's liability. In the alternative, they argue that Chenevert's discovery requests are overly broad and not proportional to the needs of the case.

Chenevert opposes both motions. As to the motion for summary judgment, he argues that he has no way to know if defendants' factual arguments are correct without discovery. Further, he argues that even if defendants' factual assertions are correct, LWCA immunity is not absolute. There is an exception for intentional acts, including when the employer knows the result is substantially certain to follow from its conduct. Chenevert argues that he is entitled to discovery on the "substantial certainty" issue. He insists that the Motion for Summary Judgment, filed so early in the case, is premature. He has submitted a Rule 56(d) declaration asserting that he needs discovery to respond, including depositions of the witnesses who submitted affidavits for Stolthaven.

Similarly, Chenevert opposes the motion for protective order, arguing that the defendants' Motion for Summary Judgment is likely to be denied as premature. He adds that Stolt-Nielsen's true role cannot be known without discovery. He argues further that his discovery requests are proportional with the needs of the case.

Meanwhile, Chenevert moved to amend his complaint to try and state a claim for defendants' purported intentional acts. However, the Court found the proposed pleading futile because no facts plead could support such a claim and denied leave to amend.

<u>Law and Analysis</u>

*1. Scope of Discovery*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." <u>Id.</u>

"[I]nformation is relevant if it 'bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.'" <u>Leonard v. Martin</u>, 38 F.4th 481, 489 (5th Cir. 2022) (quoting <u>Coughlin v. Lee</u>, 946 F.2d 1152, 1159 (5th Cir. 1991)). "The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage." <u>Tate v. DG Louisiana LLC</u>, 653 F. Supp. 3d 316, 319–20 (E.D. La. 2023).

Prior to the 2000 amendments, the Federal Rules provided for discovery of nonprivileged matter "relevant to the subject matter involved in the pending actions." The 2000 amendments deleted the quoted language, limiting the scope of discovery to nonprivileged matters "relevant to the claim or defense of any party." Fed. R. Civ. Proc. 26 & advisory committee notes to 2000 amendment. The change "signal[ed] to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signal[ed] to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. Proc. 26 advisory committee's notes to 2000 amendment.

Relevant information falls within the scope of discovery only if it is proportional to the needs of the case. Rule 26 requires consideration of the following factors in assessing proportionality: "the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. Proc. 26(b)(1)

2. *Standard for a Staying Discovery*

The Scheduling Order has been issued and discovery in this case is open. See Fed. R. Civ. P. 26(d). The filing of a dispositive motion does not automatically stay discovery. But courts "may issue a protective order to stay discovery pending the disposition of a motion to dismiss and or motion for summary judgment when the party seeking such protection proves its necessity." Whitener v. PLIVA, Inc., No. CIV.A. 10-1552, 2013 WL 6086005, at *3 (E.D. La. Nov. 19, 2013). Pursuant to Federal Rule of Civil Procedure 26(c), the moving party must establish "good cause" for a protective order limiting or forbidding discovery.

> Generally, a ruling that denies a party an adequate opportunity to discover facts to oppose a motion for summary judgment is unreasonable if summary judgment is subsequently entered against that party. On the other hand, "a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by plaintiff to withstand a Rule 56(e) motion for summary judgment."

Williamson v. U.S. Dep't of Agric., 815 F.2d 368, 382 (5th Cir. 1987) (internal citation omitted) (quoting Paul Kadair, Inc. v. Sony Corp. of Am., 694 F.2d 1017, 1029–30 (5th Cir. 1983)). Thus, the "trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987).

3. *Relevant Workers Compensation Law*

"Louisiana Workers' Compensation Law is a quid-pro-quo system that affords the injured worker with certain but limited benefits in exchange for the general immunity from tort liability

granted to the employer." <u>Champagne v. Am. Alternative Ins. Corp.</u>, 2012-1697 (La. 3/19/13), 112 So. 3d 179, 184; <u>see</u> La. Stat. Ann. § 23:1032. Thus, "an employee injured in an accident while in the course and scope of his employment is generally limited to the recovery of workers' compensation benefits as his exclusive remedy against his employer and may not sue his employer, or any principal, in tort." <u>Ramos v. Tulane Univ. of Louisiana</u>, 2006-0487 (La. App. 4 Cir. 1/31/07), 951 So. 2d 1267, 1269. Both the direct employer and the statutory employer are protected. <u>Id.</u>

"The determination of statutory employer status is a question of law for the court to decide." <u>Id.</u> The LWCA establishes a rebuttable presumption that a statutory employer relationship exists when "there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer." La. Stat. Ann. § 23:1061(A)(3). "This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." <u>Id.</u> Courts have interpreted the words "integral" and "essential" liberally, finding "that certain work which is ancillary to the statutory employer's operations is nevertheless essential to the ability of the statutory employer's operations." <u>Ramos</u>, 951 So. 2d at 1270.

The immunity provided by the LWCA does not extend to liability "resulting from an intentional act." La. Stat. Ann. § 23:1032(B). The Louisiana Supreme Court instructs that in this context, intent means "that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result." <u>Reeves v. Structural Pres. Sys.</u>, 98-1795 (La. 3/12/99), 731 So. 2d 208, 211 (quoting <u>Bazley v. Tortorich</u>, 397 So. 2d 475, 481 (La. 1981)). The intentional act exception is "narrowly construed"

and is not satisfied by a violation of safety standards or by gross negligence. Id. at 212. "Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation." Id.

    *4. Rule 56(d)*

    Federal Rule of Civil Procedure 56 provides for summary judgment. Pursuant to Rule 56(d), the Court may defer considering a motion for summary judgment, deny it, or allow time to obtain discovery when the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Although Rule 56(d) motions should be liberally granted, the nonmovant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." Raby v. Livingston, 600 F.3d 552, 561 (5th Cir. 2010) (quoting Sec. & Exch. Comm'n v. Spence & Green Chem. Co., 612 F.2d 896, 901 (5th Cir. 1980)). The party seeking Rule 56(d) relief "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." McKay v. Novartis Pharm. Corp., 751 F.3d 694, 700 (5th Cir. 2014) (quoting Raby, 600 F.3d at 561).

    For example, in O'Steen v. Valero Ref.-Meraux, LLC, the defendant sought summary judgment that it was entitled to immunity under the LWCA as the plaintiff's statutory employer. No. CV 18-8209, 2019 WL 1572670, at *1 (E.D. La. Apr. 11, 2019). The plaintiff argued that the motion was premature and he should be allowed a chance to conduct discovery. Id. at *3. The court found the request procedurally improper because he had not submitted a declaration pursuant to Rule 56(d). Id. But the court found that even if his request had been made via a declaration, he

still was not entitled to relief because he had not "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." Id. at *4 (quoting McKay, 751 F.3d at 700).

Similarly, in Jackson v. Latini Machine Co., the court granted summary judgment on employer status under the LWCA and rejected the plaintiff's prematurity argument because "[t]he plaintiff has failed to demonstrate how discovery from the manufacturer of the machine that injured her would concern the statutory relationship between her and the defendant. Also, lacking is an illustration of how discovery from [the manufacturer] would involve an intentional tort by the defendant." 960 F. Supp. 1043, 1050 (E.D. La. 1997). Unlike in the present case, though, it appears that some discovery had been conducted. The plaintiff argued that discovery outstanding to a nonmoving defendant precluded summary judgment. Id.

5. *Analysis*

The issue of defendants' status as statutory employers is a threshold issue that can be decided on a narrower set of facts than required to resolve the entire case. If defendants are correct, then this Court will never address the substance of Chenevert's personal injury claims and he will be limited to the remedies provided for in the LWCA. Additionally, Stolt-Nielsen contends that it is not a proper party because it is merely a member of the Stolthaven limited liability company. As with the statutory employer issue, if Stolt-Nielsen is correct, it would be dismissed without any need to consider the merits of Chenevert's personal injury claims. As a result, the Court finds that discovery that is not relevant to the statutory employer and limited liability defenses raised in the Motion for Summary Judgment would impose an undue burden on the defendants, not to mention

the plaintiff and the Court to the extent disputes arise regarding such discovery. Such discovery must be stayed pending resolution of the Motion for Summary Judgment.

The Court now turns to whether discovery should also be stayed as to the statutory employer and limited liability issues raised by the motion for summary judgment. The statutory employer issue implicates two questions: whether there is a written contract recognizing defendants as statutory employer, and, if so, whether the presumption of statutory employer status can be overcome because the work was not an integral part of or essential to the ability of the defendants to generate their goods, products, or services. The limited liability issue concerning Stolt-Nielsen concerns its status as a member of Stolthaven. Of note, Chenevert does not allege any facts that might support piercing the corporate veil, thus discovery into any such theory is not relevant to the claims and defenses in the current pleadings.

According to defendants, all necessary evidence to decide the Motion for Summary Judgment is already before the Court. Chenevert, for his part, insists discovery is needed to respond to the motion. The problem is, though, that he fails to demonstrate this purported need with any specificity. He does not describe what he may find in discovery that could influence the summary judgment motion. He submits that he sustained serious injuries and that only defendants have access to the information he seeks to prove his own case and defeat defendants' defenses. But he does not explain how this general and primarily merits discovery bears on whether the statutory employer defense applies or whether Stolt-Nielsen is a proper party to this suit.

Chenevert argues that he should be allowed to conduct discovery into whether the "intentional acts" exception to workers compensation immunity applies. But the Court has already found that the proposed amended complaint failed to state a claim for an intentional tort by the defendants. (Rec. Doc. 46). With no intentional tort plead, discovery into defendants' "intent"

under LWCA is not permissible even if the Court were to deny the motion to stay discovery in its entirety. As the rules committee instructs, parties are not entitled "to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. Proc. 26 advisory committee's notes to 2000 amendment.

Chenevert argues that the eight categories of discovery resisted by the defendants are relevant and proportional to the needs of the case. But none of these categories are relevant to the issues raised by the pending Motion for Summary Judgment. Again, that Motion concerns Stolt-Nielsen's status as a member of Stolthaven and whether there is a written contract recognizing defendants as statutory employer, and, if so, whether the presumption of statutory employer status can be overcome because the work was not an integral part of or essential to the ability of the defendants to generate that their goods. Chenevert argues OSHA and historical records provide a defendant's knowledge of risk involved; he argues that safety manuals and policies are relevant to the standard of care and knowledge of risks; he argues that employee cell phone records are relevant without further explanation; he argues that maintenance and inspection records are relevant to how long the defendants were aware of defects in the drain; he argues surveillance records and related correspondence and billing is relevant to defeat the defendants' use of surveillance; he argues that his own personnel and employment records as well as the records of his supervisor are relevant with no further explanation; he argues that defendants' communications with contractors and subcontractors, warnings, and scope of work records are relevant without further explanation; and he argues that defendants' objection that the requests for JSAs are duplicative should be rejected because defendants can just cite to other responses to avoid having to produce the same information twice.

Plaintiffs do not contend that any of these categories contain information relevant to the statutory employer issue as currently plead or to the limited liability status of Stolt-Nielsen. And the Court finds that the cited discovery does not bear on these issues.

The Rule 56(d) affidavit his counsel submitted fares no better. Chenevert does not identify a basis for believing certain facts probably exist and could influence the summary judgment motion. See O'Steen, 2019 WL 1572670, at *3. Instead, the declaration points out that Chenevert has not been able to depose the witnesses who submitted affidavits for defendants. He describes the following facts and argument raised by the defendants: the facility was owned solely by Stolthaven, Stolt-Neilsen is simply a member of Stolthaven, the purported MSA was in effect, the work being performed by Chenevert was under his employer's MSA with Stolthaven, the work was an integral part of Stolthaven's business, the MSA contains an enforceable statutory employer provision, and the nature and causes of the incident that injured Chenevert. He argues merely that he cannot respond to these assertions without discovery. To the extent he seeks to dispute any of these facts, it does not appear his present discovery requests would even provide the necessary evidence.[1]

Nonetheless, the Court finds that discovery on the limited issues raised by the Motion for Summary Judgment will be allowed to proceed. The Court does not find good cause to stay any such discovery because such discovery will be necessarily limited in nature and could bear on the threshold issues. Importantly though, most, if not all, of the current discovery requests do not appear to be relevant to the summary judgment issues. If Chenevert desires information to respond to the Motion for Summary Judgment, he must issue new discovery limited to those issues. The

---

[1] Although not addressed in the motion or opposition, the Court notes that request for production 97 seeking the MSA with PSC is relevant to the summary judgment issues. But defendants attach the MSA to their Motion for Summary Judgment so the request appears to be moot. Rec. Doc. 26-4.

11

following deadlines shall apply: By January 7, 2026, Mr. Chenevert shall issue any discovery he requires to respond to the Motion for Summary Judgment. Defendants shall respond to such discovery within three weeks of receipt. Any depositions related to the issues raised by the Motion for Summary Judgment shall be conducted by February 11, 2026. Mr. Chenevert shall supplement his opposition to the defendants' Motion for Summary Judgment no later than February 24, 2026.

<u>Conclusion</u>

The Court finds that defendants have established good cause to stay any discovery that does not bear on the pending Motion for Summary Judgment, but as to the limited issues raised by that Motion and encompassed by the current pleadings, discovery will remain  open. Accordingly, defendants' Motion for Protective Order (Rec. Doc. 27) is GRANTED; discovery not relevant to the issues raised by the Motion for Summary Judgment shall be stayed pending resolution of that motion.  Discovery relevant to the Motion for Summary Judgment shall be allowed to proceed on the schedule provided for herein.

New Orleans, Louisiana, this 23rd day of December, 2025.

Janis van Meerveld
United States Magistrate Judge