UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AARON CHENEVERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1057** |
| **STOLTHAVEN NEW ORLEANS, LLC,**<br>**ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court is a motion[1] for summary judgment filed by Defendants Stolthaven New Orleans LLC and Stolt-Nielsen USA Inc. In a "supplemental response and non-opposition"[2] to the motion, Plaintiff Aaron Chenevert submits that "Plaintiff does not oppose summary judgment as to the moving defendants and as to the Louisiana state law claims Plaintiff has brought in the instant lawsuit, based only upon the Louisiana statutory employer defense set out in Defendants' motion." Plaintiff concedes his claims must be dismissed due to the statutory employer doctrine. The Court agrees, so the motion for summary judgment will be granted.

## I.    BACKGROUND

This personal injury litigation arises from Aaron Chenevert's claims that he suffered burn injuries to his leg when he slipped into a drain containing boiling hot fluid while working at the direction of Stolthaven New Orleans, LLC and Stolt-Nielsen USA, Inc. at Stolthaven's bulk liquid storage facility in Braithwaite, Louisiana.[3]

---

[1] ECF No. 26.
[2] ECF No. 50. Plaintiff specifically reserves claims he has asserted in a prior lawsuit based upon the Federal Employers' Liability Act.
[3] ECF No. 1-2, p. 2, para. 8.

Plaintiff was employed by PSC Group, LLC "(PSC"), which supplied its personnel to Stolthaven pursuant to a written Master Service Agreement ("MSA").[4] Seeking to recover damages for his injuries, Mr. Chenevert sued Defendants Stolthaven New Orleans, LLC and Stolt-Nielsen USA, Inc. in state court asserting state-law claims of negligence and premises liability.[5]  Defendants timely removed the matter to this Court invoking diversity jurisdiction.[6] Defendants moved for summary judgment, asserting the statutory employer immunity defense. Following discovery pertinent to the defense, Plaintiff does not oppose summary judgment.

## II.    **SUMMARY JUDGMENT ON THE STATUTORY EMPLOYER DEFENSE**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material if it 'might affect the outcome of the suit.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

Under Louisiana's Workers' Compensation Act, La. R.S. 23:1061, an employee injured in an accident while in the course and scope of his employment is generally limited to workers' compensation benefits as his exclusive remedy against his employer and may not sue his employer, or any principal, in tort. *See Griffin v. Wickes Lumber Co.*, 02–0294, p. 4 (La. App. 1 Cir. 12/02/02); 840 So.2d 591, 594, *writ denied*,

---

[4] *See* Affidavits of Clay Lockett, ECF 26-4 and 28-3.
[5] ECF No. 1-2, p. 4-5.
[6] ECF No. 1.

03–1338 (La.09/13/03); 853 So.2d 640. The Act applies to a direct employer/employee relationship as well as to a statutory employer/employee relationship. *Ramos v. Tulane Univ. of La.*, 2006-0487, p. 3 (La. App. 4 Cir. 1/31/07), 951 So. 2d 1267. "Although statutory employment renders a principal responsible in workers' compensation, it also provides corresponding tort immunity." *McBride v. Old Republic Ins. Co.*, 2024-01519 (La. 6/27/25), 413 So.3d 452, 469

Determining statutory employer status is a question of law. *See Ramos,* 951 So. 2d at 1270; *see also cf. Goodley v. Supreme Rice, L.L.C.*, No. 25-30509, 2026 WL 893183, at *6 and n.40 (5th Cir. Apr. 1, 2026) (unpublished, per curiam) (observing that "[s]tatutory employer status 'must be determined on the facts of each case'"). An employer invoking tort immunity bears the burden of proving entitlement to it. *Patterson v. Raceland Equip. Co., LLC*, 2017-0703, p. 6 (La. App. 1 Cir. 4/18/18), 393 So. 3d 341, 344, *writ denied*, 2018-1018 (La. 10/8/18), 253 So. 3d 799. A written contract recognizing the principal as the statutory employer is a prerequisite for invoking immunity conferred by the statutory employer doctrine. La. R.S. 23:1061(A)(3). Once proof of a contract recognizing the defendant as the statutory employer is presented, a rebuttal presumption of employment arises, which shifts the burden to the plaintiff to demonstrate that the work he performed at the time he was injured was not part of the defendant's trade, business, or occupation. *Id.*; *see also Ramos*, 951 So. 2d at 1270-71. If a plaintiff fails to produce evidence to establish that he will be able to satisfy his evidentiary burden of proof at trial to rebut the presumption, summary judgment is warranted. *Fleming v. JE Merit Constructors, Inc.*, 2007-0926 (La. App. 1 Cir. 3/19/08), 985 So. 2d 141, 147-48.

3

Defendants moved for summary judgment, asserting that Plaintiff was a statutory employee of Stolthaven at the time of the incident forming the basis of this litigation, and as such, Plaintiff's exclusive remedy lies in workers' compensation, such that the instant state-law claims against Defendants are barred. In support of summary judgment, Defendants submit that, under the MSA, Plaintiff's employer, PSC, agreed to furnish qualified personnel to perform various services at the Facility, including but not limited to services requested by Stolthaven related to the loading and unloading of rail cars.[7] On the day of the accident and while working in the course and scope of his employment with PSC, Plaintiff was assigned to and worked at the Facility under the direction of Stolthaven as provided for under the MSA.[8] The MSA contains a statutory employment provision which expressly states that Stolthaven shall be considered the statutory employer of PSC's employees and confirms the services performed by PSC are an integral part of and essential to the ability of Stolthaven to generate its goods, products, and services.[9] Consequently, the terms of the MSA create a rebuttable presumption of statutory employment, which may only be overcome if Plaintiff can demonstrate the work he was performing at the time of the incident was not an integral part of or essential to Stolthaven's business. La. R.S. 23:1061(A)(3). Furthermore, the uncontested evidence also establishes that Plaintiff was acting in the course and scope of his employment at the time of the incident and

---

[7] *See* ECF No. 26-4, pp. 3-14 (the MSA).
[8] *See* ECF No. 28-3.
[9] ECF No. 26-4, p. 5 at § 7(b).

4

that the work he performed falls within those duties necessary to conduct Stolthaven's regular business activities.[10]  Plaintiff does not dispute this record.

Though Plaintiff initially filed a response[11] in opposition to the summary judgment and Defendants filed a reply[12] in support of their summary judgment, the parties undertook discovery pertinent to the statutory employer doctrine in accordance with a Consent Protective Order.[13] After completing discovery, Plaintiff supplemented his response[14] and notified the Court that "Plaintiff does not oppose the summary judgment of the defendants and as to the Louisiana state law claims Plaintiff has brought in the instance suit, based only upon the Louisiana statutory employer defense." Plaintiff also included with his supplemental response[15] a proposed order granting the motion for summary.

Applying the legal standards to the summary judgment record, Defendants are entitled to judgment as a matter of law on the statutory employer defense for the following reasons:

(1) The uncontested evidence establishes that Plaintiff was a statutory employee of Stolthaven at the time of the occupational accident that forms the basis of the instant lawsuit.
(2) The MSA between Stolthaven and Plaintiff's direct employer, PSC, was a valid written contract which expressly recognizes Stolthaven as the statutory employer of the direct employer's employees.
(3) There is a rebuttable presumption of statutory employment under the Louisiana Workers' Compensation Act which immunizes the statutory employer from tort liability.
(4) The presumption has not been rebutted by any evidence.

---

[10] ECF No. 26-1 at pp. 11-14 (citations omitted).
[11] ECF No. 32.
[12] ECF Nos. 33, 38.
[13] ECF No. 49.
[14] ECF No. 50.
[15] *Id.*

(5) Stolt-Nielsen is the sole member of Stolthaven, a limited liability company and thus is immune from claims asserted against the LLC and, regardless, Stolt-Nielsen shares Stolthaven's immunity under the exclusivity provisions of the LWCA.

Defendants are entitled to summary judgment dismissing with prejudice Plaintiff's claims asserted in the instant lawsuit.

III.   **CONCLUSION**

Having considered Defendants' motion for summary judgment and the parties' respective submissions, including Plaintiff's statement of non-opposition to dismissal of his Louisiana state-law claims he has brought in the instant suit, and based upon the unrebutted Louisiana statutory employer doctrine,

**IT IS ORDERED** that Defendants' motion[16] for summary judgment dismissing Plaintiff's Louisiana state law claims based upon Defendants' statutory employer defense is **GRANTED**. All claims asserted in Plaintiff's complaint[17] are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 28th day of April, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[16] ECF No. 26.
[17] ECF No. 1-2.